PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TERRENCE MAY, ) | |
| ) | CASE NO. 4:23 CV 01890 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| COUNTY OF MAHONING, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* plaintiff Terrence May, an inmate currently detained in the Mahoning County Justice Center, filed this *in forma pauperis* civil rights action against the County of Mahoning; Mahoning County Commissioners; Captain Kountz, Mahoning County Justice Center Warden; Jerry Greene, Mahoning County Sheriff; Sergeant Graham; Sergeant Wallace; Sergeant McCullough; "Mahoning County Justice Center Food Service Contractor's Persons;" and John/Jane Does, Mahoning County Justice Center Food Services (Dietician/Administration/Operations). *See* ECF No. 1. Plaintiff seeks compensatory and injunctive relief.

### I. Background

Plaintiff's Complaint concerns the conditions of his detainment at the Mahoning County Justice Center. He states that he is confined in a one-person cell with another inmate for 15 hours per day and a toilet that "backs up with human waste for hours." ECF No. 1-1 at PageID #: 14-16. Plaintiff claims that the Justice Center is overcrowded and understaffed. ECF No. 1-1 at PageID #: 17-18. He states that there are only 2 or 3 deputies that respond to an officer's call for

(4:23CV1890)

assistance, and he "would hate to think what would happen" if more than one pod required assistance. ECF No. 1-1 at PageID #: 17-18. Plaintiff claims that this understaffing "has come at a cost of human lives from suicides to being beaten to death to rapes of deputies and detainees." ECF No. 1-1 at PageID #: 17. Plaintiff also states that the Food Service does not provide balanced meals because they do not offer fruit and fish, which are "two major food groups from the [food] pyramid for a healthy balanced diet." ECF No. 1-1 at PageID #: 18-19. Plaintiff alleges that these conditions constitute cruel and unusual punishment. He also alleges that the double-bunking violates the Ohio Administrative Code § 5120:1-8-04.

Finally, Plaintiff claims that the Justice Center has no law library and he is therefore being denied access to the courts, as he has no way to fight a case in which a default judgment was entered against him. ECF No. 1-1 at PageID #: 18.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

2

(4:23CV1890)

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

#### A. Individual Capacity

As an initial matter, Plaintiff does not include any allegations in his Complaint that reasonably suggest any of the individual defendants were personally responsible for the alleged constitutional violations. Plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371, (1976); *Mullins v. Hainesworth*, 66 F.3d

(4:23CV1890)

326, at *1 (6th Cir. 1995). Absent allegations connecting the defendants to the specific actions, Plaintiff cannot hold them liable in their individual capacities.

### B. Official Capacity

Furthermore, Plaintiff fails to state a claim against Defendants in their official capacities. An official capacity damages action against a state or municipal officer is the equivalent of an action against the public entity he or she serves. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989). Defendants are all employees of the county. Plaintiff's official capacity claims are therefore asserted against Mahoning County.

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.

To demonstrate that the county's policies caused constitutional harm, the plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3)

(4:23CV1890)

show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted)).

Moreover, violations of state regulations or correctional institute policies that are not also violations of federal constitutional rights are not actionable. *E.g., Davis v. Scherer*, 468 U.S. 183, 193 (1984) (violations of state regulations are not actionable under Section 1983); *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) ("Failure to comply with jail policy is not a *per se* constitutional violation."); *Laney v. Farley*, 501 F.3d 577, 583 n.2 (6th Cir. 2007) (finding that a violation of the Wilson County Board of Education's policy granting students notice before suspension would not support a Section 1983 claim); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992) (rejecting the argument that deliberate indifference can be shown through evidence that Defendants failed to adhere to the Ohio Minimum Standards for Jails requirements for monitoring prisoners suspected of having suicidal tendencies).

Here, Plaintiff does not include sufficient facts to suggest that any of the conditions of confinement were the result of a county custom or policy, as opposed to the decisions of individual officers within the jail. To the extent he argues that Defendants' purported violation of an Ohio regulation constitutes a constitutional violation under Section 1983, he fails to state a claim. Moreover, even if Plaintiff had identified a custom or policy that he can attribute to the county, Plaintiff fails to include any facts suggesting he has been harmed by the Justice Center's

5

(4:23CV1890)

execution of the county's purported policy. The fear of what may happen, or the bare, conclusory statements of what may have occurred in the past, do not support his claim.

### 1. Conditions of Confinement

Furthermore, even if Plaintiff's claims can be construed to have resulted from the county's customs or policies, Plaintiff fails to state a claim on which relief may be granted. Because Plaintiff's Complaint pertains to conditions he alleges he experienced as a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). But like claims of convicted prisoners asserting claims under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316-17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the prison context. *Id.* at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized

6

(4:23CV1890)

measure of life's necessities" are sufficient to state a claim. *Hudson*, 503 U.S. at 8-9 (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a defendant "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Plaintiff's claims concerning the conditions of his confinement do not satisfy the objective showing that the alleged deprivation was sufficiently serious. Plaintiff complains of general overcrowding and understaffing at the Mahoning County Justice Center. He states that inmates are essentially double-bunked and the Justice Center does not have enough deputies to answer emergency calls for assistance. ECF No. 1-1 at PageID #: 13. Prison overcrowding, standing alone, does not violate the Constitution. *Rhodes*, 452 U.S. at 348; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation."). Additionally, double-celling, or double-bunking, by itself, does not violate the Constitution. *Bell*, 441 U.S. at 541-43 (holding that double-bunking of pretrial detainees in cells originally designed for one person for several months does not violate the Constitution); *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003). Rather, a plaintiff bears the burden of showing that the crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. *Rhodes*, 452 U.S. at 348. Here, Plaintiff fails to include any factual allegations that suggest this purported overcrowding has

7

(4:23CV1890)

deprived him of basic human needs. He merely states in a conclusory fashion that it is "illegal" to double-bunk and he is concerned about the Justice Center's ability to handle an emergency. ECF No. 1-1 at PageID #: 15, 17. Therefore, his bare allegations of general overcrowding and understaffing, without more, do not establish a constitutional deprivation.

Plaintiff also claims that the cell's toilet "backs up with human waste for hours." ECF No. 1-1 at PageID # 16. The Sixth Circuit has recognized on more than one occasion that the Constitution does not require flushable toilets in prison. *See, e.g. Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347) (a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, 198 F.3d 244, at *2 (6th Cir. 1999) (table) (the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion."). Plaintiff has therefore failed to allege facts demonstrating that temporary placement as a detainee in a cell with a toilet that sometimes "backs up" is an extreme deprivation of a basic necessity, and thus, a violation of the Constitution.

Plaintiff alleges that he is not provided fruit or fish in the Justice Center. "Prisoners have a constitutional right to meals that meet their nutritional needs...[b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]" *Robinson v. Jackson*, 615

8

(4:23CV1890)

Fed. App'x. 310, 314 (6th Cir. 2015). Nor does the Constitution require that jail food be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit has held that a diet consisting solely of food loaf does not violate the Constitution when nutritional and caloric needs are met. *See, e.g., Payton-Bey v. Vidor*, 68 F.3d 475 (6th Cir. 1995). Here, although Plaintiff claims that fruit and fish are "two major food groups from the [food] pyramid for a healthy balanced diet," his claims that his health has been "damaged" due to the lack of vitamins found in fruit and fish are conclusory. He has not alleged sufficient facts demonstrating that the food he was provided, absent the fruit and fish, failed to fulfill his nutritional needs. He therefore fails to demonstrate his diet violated the Constitution. *See Sims v. Mich. Dep't of Corr.*, 23 Fed. App'x 214, 216 (6th Cir. 2001).

### 2. Law Library

Plaintiff contends the Justice Center does not have a law library. This claim would arise, if at all, under the Fourteenth Amendment for denial of due process during his criminal trial or under the First Amendment for denial of access to the courts. The Fourteenth Amendment is satisfied if a pre-trial detainee has the assistance of an attorney during the course of his criminal trial. *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990). There is no specific allegation in the Complaint suggesting Plaintiff was denied due process during his criminal proceedings. Rather, he states only that he could not "fight a case with the state" wherein default judgment was entered against him. *See* ECF No. 1-1 at PageID # 18. This general allegation is insufficient to state a Fourteenth Amendment Due Process claim.

9

(4:23CV1890)

Moreover, to state a claim for denial of access to the courts, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* Plaintiff must allege facts suggesting the defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.* Merely alleging that the Justice Center lacks a law library and, consequently, he could not "fight a case ... in which default judgment was entered" against him is not sufficient to state a claim for denial of access to the courts. Plaintiff therefore fails to state a First Amendment claim.

## IV. Conclusion

In light of the foregoing, Plaintiff has failed to state a claim upon which relief may be granted, and the Court dismisses his Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 29, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |